## CALEB T. HOWELL v. HARMAN T. KROOSE.

Where an action is brought " to recover for a chattel alleged to be wrongfully detained from the plaintiff by the defendant," it is not sufficient to entitle the plaintiff to recover, that he shows that the defendant took the property from a person in possession thereof, and that the plaintiff afterwards purchased the same from such person while it still remained in the defendant's possession.

He must further prove, that after his purchase, he, or some one in his behalf, demanded the property from the defendant.

A demand made by the vendor, before the sale to the plaintiff, is not sufficient.

If such an action can be regarded as an action to recover damages for a wrongful detention, the same proof of demand by the plaintiff is necessary.

There being no allegation of a conversion by the defendant, and the transfer to the plaintiff not purporting to convey any claim for damages for detaining or converting the property of the assignor; the question, whether a claim for damages for a tort can now be so assigned as to entitle the assignee to sue in his own name, does not arise.

The interpretation of the Code and the law, in respect to the assignment of choses in action, &c., discussed.

REVIEW of a judgment of nonsuit granted by the justice of the third district. The nature of the case and the facts appear explicitly in the opinion.

*William C. Carpenter*, for the plaintiff, appellant.

*Thomas D.* and *Guy R. Pelton*, for the defendant, respondent.

BY THE COURT. WOODRUFF, J.—This action was brought, according to the language of the return herein, " to recover for a wagon which it was alleged was wrongfully detained from the plaintiff by the defendant." The answer " denied th‹ wrongful detention of the property." An assignment was an nexed to the complaint, and referred to therein, which pui ported to be executed by Martin Hanley, in the followin words: "For value received, I do hereby dispose of and se'

to W. C. Carpenter all my right and title to a certain wagon now in the possession of Harman T. Kroose, but owned by me," upon which was endorsed a transfer by W. C. Carpenter, as follows : " For value received, I do hereby dispose of all my interest in the within claim to Caleb T. Howell."

Upon the trial the plaintiff examined Hanley as a witness, who testified that " he had possession of the wagon in question for about seven months. That the defendant took and carried it away—that he had demanded its return from the defendant, which he refused to return, and that it was worth $100." The justice, moreover, certifies in his return, (although it does not appear that the assignments referred to in the complaint were read in evidence,) that no objection was made on the trial to their introduction, and he therefore considered them in proof before him.

Upon the case thus presented by the plaintiff, the defendant's counsel moved for a nonsuit, which was granted, and the plaintiff appeals to this court.

The summary of the complaint given in the return does not very distinctly show the nature of the action. Its most obvious import seems to be a claim for damages, or, as the plaintiff's counsel states in the argument submitted, "a claim for the value of the wagon," and not a claim to recover the wagon itself, in the nature of detinue or replevin in the detinet ; and the judgment rendered by the justice, without assessing the value of the wagon or awarding its return, indicates the same thing. But, as technical accuracy is not observed in pleadings in the district courts, I have considered the claim in both aspects, though I have merely treated the action as brought to recover damages, as the court and counsel would seem to have regarded it on the trial, and as the counsel on the argument of the appeal have also treated it. The result, however, as will be seen in what follows, would be the same in either aspect of the complaint.

1. The case appears to have been disposed of in the court below upon the question whether the plaintiff had made out a case upon which, as assignee or transferree of Hanley, he could

recover, assuming, for that purpose, that Hanley, upon the same evidence, might have had judgment, and that is the question argued here.

It may, however, be useful to the parties (if there should be further litigation about this small matter) to suggest, that, if this complaint be regarded as an action to recover damages and not to recover the wagon, it is at least doubtful whether Hanley himself could recover on the evidence given on the trial, had it been given by a disinterested witness.

The complaint is not for an illegal taking and carrying away; the action is not, therefore, trespass for taking and carrying away the plaintiff's goods. It is not trover, for no conversion of the property is alleged, and as there was no allegation of a conversion, there was no propriety in regarding the action as trover, even if the seven months' possession by Hanley be regarded as *prima facie* evidence of property in him.

Perhaps the action might be regarded as a special action in the case for detaining the wagon; but if so, the damages must be special, and should have been proved. The value of the wagon was not the measure of those damages, and at most, upon the evidence, the court could have given only nominal damages, since the period of detention and the value of the use of the wagon were not proved.

So that assuming that the present plaintiff stands under this complaint, and upon this evidence, in the shoes of Hanley, he could recover nothing, or at most, only nominal damages.

2. If the action, under a liberal construction of the language of the return, may be regarded by us as an action in the nature of the action of replevin in the detinet, or under the Code an action of "claim and delivery," then the present plaintiff could not recover, because he has never demanded the delivery of the property to himself. There was no proof that the property was wrongfully detained from him; *non constat*, that the defendant had any notice before the action was brought that the plaintiff owned or claimed the wagon.

As to this plaintiff, the action of replevin in the detinet proceeds upon the idea that the defendant, being in possession of a wagon which the plaintiff has purchased, refuses to deliver it to him. But without a demand and refusal, the plaintiff fails to prove any such wrongful detention as hereinafter suggested. The effect of the demand made by the assignor, Hanley, and the defendant's refusal to deliver to him, involves the consideration of the questions discussed by the counsel next below mentioned.

3. The appellant, in his argument, assumes that the action was brought, not for the wagon itself, but to recover the value of the wagon by way of damages; and this was doubtless the intended effect and construction of the complaint. And the question discussed is, whether, upon that assumption, the present plaintiff, as assignee of Hanley, or as owner of the wagon, can maintain the action? The foregoing suggestions are not without their bearing upon this inquiry.

Let it be observed, then, that in this view of the subject the action is to recover damages for a wagon wrongfully detained " by the defendant from the plaintiff;" and the bill of sale by Hanley—through whom the plaintiff's title, if any, is derived—is a sale and transfer of " all Hanley's right and title to a wagon in the possession of the defendant, but owned by Hanley."

By this bill of sale the plaintiff acquired no title to recover for any wrong done by the defendant to Hanley before the sale of the wagon. If the plaintiff acquired anything by that bill of sale, it was a right to the wagon and to nothing else. He did not complain, and the assignment would not have warranted him in complaining for damages sustained by Hanley by the wrongful detention of the wagon from him. His complaint—in the aspect of the case now under consideration—was for damages sustained by himself by the wrongful detention of his own wagon.

No conversion of the wagon by the defendant, while it belonged to Hanley, was averred, and if it had been, the assignment does not purport to transfer a claim for damages

arising to Hanley from such conversion. No conversion of the wagon after the sale to the plaintiff, was alleged, and if it had been there was no proof given of such conversion. To make out such a conversion, he should have shown that, after the sale, the defendant actually converted the wagon, or by proof of demand and refusal, after he acquired title, established such conversion *prima facie*.

The question, therefore, whether the right to recover damages for the conversion of personal property, or for a tortious injury to personal property, or for an illegal and tortious detention of personal property, is assignable, does not necessarily arise in this case. No such damages or claim to damages sustained by Hanley was assigned to the plaintiff, and the claim in the complaint was not for damages sustained by Hanley from any cause, but for damages sustained by the plaintiff by the wrongful detention of his wagon. He proved no such case. Assuming that Hanley's title to the wagon was sufficiently proved by the fact of his possession for seven months—and doubtless that was sufficient as a link in the chain of the plaintiff's title—the plaintiff showed that he had purchased a wagon which was in the possession of the defendant, and which the defendant had, before such purchase, refused to deliver to the vendor. This proof did not sustain a claim to recover damages for detaining his wagon from him. He should have gone to the party who had possession of the wagon which he had purchased, and demanded it. If the defendant refused to deliver it, his right of action would have been complete. The nonsuit was, therefore, rightly granted upon this ground.

The counsel for the appellant has urged a reversal upon a ground which the pleadings and proofs do not, I think, present. He calls upon us to lay out of view the terms of Hanley's assignment, the entire form and substance of this complaint, and consider the question as if the plaintiff had alleged a conversion of Hanley's wagon by the defendant, and an assignment of the damages occasioned thereby, from Hanley to the present plaintiff, and had claimed to recover

those damages; and, in support of such complaint, had proved property in Hanley, and a demand and refusal as evidence of the defendant's unlawful conversion. This would be assuming a state of the pleadings and proofs which does not exist, and for which I can find no warrant in the return, nor in any latitudinarian discretion which seeks to do justice between parties against the very substance of their own allegations and proofs on the trial. Hanley sold his wagon; he never parted with his right to damages for the illegal taking and detention thereof during the period of his ownership. If the use of the wagon was valuable to him before he sold it, doubtless he may yet recover for that use.

If the defendant took Hanley's wagon from him wrongfully, and refused to return it on demand, Hanley might no doubt have treated that taking and refusal as a conversion, and brought his action for the value thereof, as damages. But I apprehend it is equally true that the title still remained in him, and would have remained in him until an actual recovery in such action. This title to the wagon was the subject of sale, and he did sell it to the present plaintiff. Instead of treating the defendant's acts as a conversion, and proceeding against him for the damages, he elected to insist upon his title and sell the wagon; and that such a sale was a valid sale of the wagon itself, seems to me to be the better opinion, notwithstanding it is said in *Herman* v. *Wells*, 18 Barbour, 500, and *Gardiner* v. *Adams*, 12 Wendell, 297 upon a demand by the purchaser, the defendant could not aver title in himself. His acts in taking the property, and his wrongful refusal to return it, did not vest the title in himself. So long as he had the actual possession of the property, the real owner might, in my judgment, either reclaim it or sell it to another. So long as it remained in his hands, it was property; it was the property of the original owner. If it was destroyed by the wrong doer, or if he delivered it to another, the right of such owner, as against him, might be thereby converted into a mere claim to damages, a right in action only. And whether such a right of action could be

assigned has been the subject of much discussion. But I know of no rule upon which, so long as the wrong doer is in the actual possession of the property, (whether detaining it against the will of the owner or with his assent,) the owner loses his right to sell the property to whom he will. The contrary doctrine amounts to this : If the party in possession of another's property has not refused to return it to him, the owner may sell it ; but, if he has so refused, it has ceased to be the subject of sale. Such a distinction has, in my opinion, neither good sense nor sound principle to support it. To this extent I do not hesitate to carry the doctrines of *Hall* v. *Robinson*, 2 Comst. 293 ; *Robinson* v. *Weeks*, 6 Howard's Pr. R. 161 ; *Cass* v. *New York and New Haven R. R. Co.*, 1 E. D. Smith, 522. And until an actual conversion, amounting to a destruction of the identity of the chattel, or a parting with the possession thereof by the wrong doer, I think a transfer of the chattel itself warrants the transferree in proceeding therefor as owner, and the defendant ought not, and I am clearly of opinion cannot be permitted to defend on the mere ground that his own acts were tortious, and such as warranted the vendor in treating those acts as amounting to a conversion, had he elected to do so. But this view of the subject requires that the purchaser, when he proceeds upon his title to the chattel, (and that is the present case,) should demand his goods from the wrong doer, or show acts subsesequent to his purchase which dispense with a demand. This the plaintiff did not do in the present case. (See 2 Comst. 293 ; 6 How. Pr. R. 161 ; 1 E. D. Smith, 522, above referred to.)

The decision of this case does not, therefore, depend upon the question, whether a claim for damages for the tortious conversion of goods can be assigned. If it did, I should say that the rule on that subject has not been changed by the Code. (Section 111.) If not assignable before, it is not now. But in the discussions heretofore had on the subject, it appears to me that sufficient attention has not been paid to the distinctions existing before the Code on that subject. Some claims were of a negotiable nature, and could be transferred

so that the assignee could sue thereon in his own name. Other claims were not negotiable, and could not be assigned so as to entitle the assignee to prosecute them in his own name, but were nevertheless assignable in equity, and so assignable that courts of law would recognize the assignment, and protect the assignee in his title acquired by assignment. And a third class of claims were strictly personal, and not the subject of transfer or assignment for any purpose. With these distinctions in view, the legislature, in a system which provides for the enforcement of legal and equitable rights by the like form of proceeding, have directed that " every action shall be prosecuted in the name of the real party in interest, but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract." That is to say, a thing in action not arising out of contract which was not assignable before this section was enacted, is not assignable now. And the inquiry is pertinent, What things in action, not arising out of contract, were assignable before the Code? If any, it was such as were assignable in equity, such as being assigned, courts of law would protect the assignee, and suffer him to use the name of the assignor for the enforcement of the assigned claim. In whose name, then, shall the action be brought to enforce such claims? For surely, as to such, courts are not to refrain from according to the assignment the same recognition and the same protection which they enjoyed before the Code. It is plausibly urged, that if the claim was before the Code assignable at law or in equity, if the courts would protect the assignee in his acquisition, then the assignment is still valid, and the assignee may, under the Code, sue in his own name ; and that the restriction at the end of the section was introduced out of abundant caution, to preclude the idea that the legislature intended to sanction a transfer, which heretofore neither courts of law or equity would recognize, as where the damages sought to be recovered were strictly personal. In this view of the construction of the Code, I should incline to adopt the views expressed in *Robinson* v. *Weeks,* 6 How.

161, following the principles of *The People* v. *The Tioga C. P.*, 19 Wend. 73, and to hold that a claim for damages for the conversion of personal property is assignable, but such a conclusion would not help the present case.

The judgment must be affirmed.

Judgment affirmed.